■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHAW, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered May 23, 1984, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHAW, Also Known as EDWIN JONES, Appellant.— Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Ain, J.), rendered May 23, 1984, convicting him of robbery in the third degree under indictment No. 56397, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Goodman, J.), also rendered May 23, 1984, convicting him of promoting prison contraband

in the first degree under indictment No. 57938, upon his plea of guilty, and imposing sentence. The appeal from the judgment under indictment No. 56397 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to police officers.

Ordered that the judgments are affirmed.

On his appeal from his conviction of robbery in the third degree, the defendant contends that his arrest was made without probable cause. The pretrial hearing court found, however, that the defendant had readily consented to cooperate with and voluntarily accompanied the police officer. We conclude that the hearing court was correct. The testimonial evidence of the police officers, in addition to lineup, consent and *Miranda* forms signed by the defendant, readily support the hearing court's finding of consent and its additional findings that the defendant's subsequent arrest was based upon probable cause and that statements he made thereafter were made voluntarily after being given *Miranda* warnings, are fully supported on this record *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

The defendant contends that the court's circumstantial evidence charge was erroneous because the court instructed the jury *inter alia* that: "an admission if found by you to be true and voluntary, made without violation to the defendant's constitutional rights, is direct evidence".

This contention is raised for the first time on appeal and is unpreserved for appellate review *(see,* CPL 470.05 [2]). The record indicates that the defendant's request that the court charge the jury on the law of circumstantial evidence was granted but after the charge was delivered the defendant did not draw any alleged error therein to the Judge's attention and therefore waived any objection to the instruction *(see, People v Whalen,* 59 NY2d 273). In any event, the instruction was not erroneous as the defendant's statement in this case can reasonably be interpreted to establish the act charged *(see, People v Sanchez,* 61 NY2d 1022, 1023) and in such a case deferring to the jury the question whether it is direct or circumstantial evidence is inappropriate *(see, People v Sanchez, supra).*

In view of our affirmance of the defendant's robbery conviction, we see no reason to vacate the defendant's guilty plea to a charge in a separate indictment which was induced by a promise of a concurrent sentence *(see, People v Fuggazzatto,* 62

NY2d 862, 863; *People v Clark,* 45 NY2d 432, 440). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.