■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ALLEN, Also Known as Doc, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered April 11, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant neither objected to the trial court's circumstantial evidence charge nor requested any further instruction with respect to the evaluation of circumstantial evidence, his claim that the charge was erroneous has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Shaw,* 128 AD2d 817, *lv denied* 70 NY2d 656). In any event, the circumstantial evidence charge delivered by the court, read as a whole, adequately stated the principles of law necessary to permit the jury to properly evaluate the evidence *(see, People v Band,* 125 AD2d 683).

Furthermore, the defendant's claim that the circumstantial evidence in the record was insufficient to convict him as a matter of law is likewise without merit. It is clear from the record that the hypothesis of guilt flowed naturally from the facts proven and excluded to a moral certainty every conclusion other than guilt *(see, People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 656). When viewed in the light most favorable to the People, the evidence is legally sufficient to establish the defendant's guilt of the crime charged *(see,*

*People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15).

We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.