■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HILL, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered July 20, 1988, convicting him of criminal possession of a controlled substance in the third degree (two counts), under indictment No. 54/88, and forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (two counts), grand larceny in the second degree, attempted grand larceny in the second degree, and offering a false instrument for filing in the first degree, under indictment No. 86/88, upon a jury verdict, and imposing sentences of (a) concurrent indeterminate terms of 3 to 9 years' imprisonment on each count of criminal possession of a controlled substance in the third degree, with these terms to run consecutively to (b) concurrent indeterminate terms of 2 to 6 years' imprisonment on each count of forgery in the second degree and criminal possession of a forged instrument in the second degree, with these terms to run consecutively to (c) concurrent indeterminate terms of 3 to 9 years' imprisonment for grand larceny in the second degree and 2 to 6 years' imprisonment for attempted grand larceny in the second degree, with these terms to run consecutively to (d) a term of 1 to 3 years' imprisonment for offering a false instrument for filing in the first degree.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by providing that the concurrent indeterminate terms of 2 to 6 years' imprisonment

on each count of forgery in the second degree and criminal possession of a forged instrument in the second degree shall run concurrently with the concurrent indeterminate terms of 3 to 9 years' imprisonment on each count of criminal possession of a controlled substance in the third degree; as so modified, the judgments are affirmed.

The defendant was tried, *inter alia,* on charges of criminal possession of a controlled substance in the third degree pursuant to Penal Law § 220.16 (1). An element of this particular crime is that the defendant's possession be accompanied by an intent to sell the controlled substance. To establish this element of intent, the court permitted, over defense objection, the testimony of two eyewitnesses who had personally observed or participated in several drug sales committed by the defendant. Contrary to the defendant's contentions, the court did not commit reversible error by receiving this evidence of uncharged crimes.

It is well settled that evidence of uncharged crimes is admissible if it tends to establish an element of a crime with which the defendant is charged *(People v Alvino,* 71 NY2d 233). In the instant case, the evidence of prior drug sales committed by the defendant was relevant to prove that the drugs possessed by the defendant upon his arrest were possessed with the intent that they would be sold *(see, People v Hernandez,* 71 NY2d 233; *People v Molineux,* 168 NY 264). The trial court correctly repeatedly instructed the jury on the limited purpose for which this evidence was to be considered *(see, People v Satiro,* 72 NY2d 821), and consistent with its previous ruling *(see, People v Ventimiglia,* 52 NY2d 350), the court limited the quantum of this evidence which the People would be permitted to introduce to mitigate its prejudicial effect. Accordingly, neither the introduction of the evidence of prior drug sales nor the introduction of money recovered along with the drugs *(see, People v Satiro, supra)* denied the defendant a fair trial *(see, People v Hodge,* 141 AD2d 843, 845).

We find that the sentences were excessive to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.