■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered October 17, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and a new trial is ordered. No questions of fact have been raised or considered.

Following his apprehension in a "buy and bust" operation, the defendant was charged in the instant indictment with

criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (possession with intent to sell), and another count which was dismissed during trial. The charges arose from the sale of two vials of crack cocaine to an undercover police officer. Upon arresting the defendant, the police recovered three additional vials of crack cocaine and a crack pipe from his person.

Prior to trial, the People sought permission to elicit testimony concerning a prior sale by the defendant of two vials of crack cocaine to an undercover officer which had occurred five months prior to the sale that gave rise to the present charges. A hearing was held pursuant to *People v Ventimiglia* (52 NY2d 350), at which the issue was addressed. The Assistant District Attorney claimed that the prior sale was relevant to the charge of criminal possession of a controlled substance with intent to sell and was probative of the defendant's intent to sell the three vials of crack cocaine recovered from his person upon his arrest in the instant case. Over the strenuous objection of the defense counsel, the court ruled that the People would be permitted to present the testimony of the undercover officer to whom the defendant had sold the two vials of crack cocaine on that earlier occasion, finding it admissible with respect to the issue of "intent to sell". During the course of the *Ventimiglia* hearing the prosecutor had indicated, however, that he would not elicit from the undercover officer the fact that, on the occasion of this earlier arrest for criminal sale of a controlled substance, the defendant had been found to be in possession of 33 vials of crack cocaine. In the prosecutor's view, this fact was not relevant to the issue of intent to sell. Rather, the prosecutor had represented that the officer would only testify to the fact that he had purchased two vials of crack from the defendant.

At trial, the People called the undercover police officer who testified that, on a prior occasion and in the same approximate location, the defendant sold him two vials of crack. However, during cross-examination of the defendant, the People not only elicited from the defendant confirmation of the fact that the earlier sale had occurred, but that he had been in possession of 33 vials of crack on that previous occasion. The prosecutor extensively questioned him about the 33 vials and at one point even framed a question in terms of the defendant having sold those 33 vials to the undercover officer. Additionally, during his summation, the prosecutor urged the jury to find that the defendant had possessed three vials of

cocaine and a pipe on the instant occasion with the intent to sell given his previous apprehension in possession of a "stash" of 33 vials. Moreover, it was argued by the prosecutor that the evidence of the defendant's previous sale of crack cocaine was relevant on the question of his intent to sell as well as on the issue of whether he made the sale charged in the instant indictment. Lastly, during the course of final instructions to the jury, the court did not reiterate its limiting instructions regarding the use for which the evidence of the prior sale had been admitted; instead, the court merely apprised the jury that such evidence could be considered "as tending to disprove the agency defense". Moreover, in so charging, the court stated that the People had introduced evidence that the defendant had previously "engaged in a pattern of drug related transactions for himself or other buyers or sellers".

In urging reversal of the judgment of conviction, the defendant charges that he was denied a fair trial by virtue of the People's introduction of an excessive amount of evidence concerning his prior narcotics conviction. We agree.

Without addressing the question of the propriety of the court's original *Ventimiglia* ruling, we conclude that the defendant was denied a fair trial. In our view, the People were erroneously permitted to introduce evidence which far exceeded the limited license they were given to apprise the jury of the fact that, on a previous occasion, the defendant had sold two vials of crack cocaine to an undercover officer. In fact, the People went far beyond what the prosecutor had represented would be adduced. Given the enormous potential for prejudice inherent in the introduction of evidence of "uncharged crimes", it was necessary and proper to limit the amount of evidence which was to be adduced at this trial in order to establish the requisite "intent to sell" under the second count of the indictment *(see, People v Ely,* 68 NY2d 520, 529-532), and it was error to allow the introduction of additional and extraneous evidence *(cf., People v Hill,* 166 AD2d 663, 664). In so holding, we note that the defendant did not open the door to the People's introduction of evidence that, upon his previous arrest, he was found to be in possession of 33 vials of crack *(see, People v Crandall,* 67 NY2d 111, 117-118; *see also, People v Chaitin,* 61 NY2d 683, 684-685).

Finally, we find that the prosecutor's summation remarks and the unfortunate remarks uttered in the course of the court's charge exacerbated the error. In sum, the volume and repetition of the evidence pertaining to the defendant's previous commission of a narcotics offense operated to emphasize

the defendant's propensity for this type of crime, thereby depriving him of a fair trial (see, *People v Ely, supra,* at 529-532; *cf., People v Allweiss,* 48 NY2d 40, 48-49; *People v Hill, supra).* We cannot say that the improper introduction of all of this evidence did not affect the verdict. Accordingly, we reverse the defendant's conviction and remit the matter for a new trial.

In light of our determination we do not reach the defendant's remaining contentions. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.