■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOWANDA HOLLOWAY, Appellant.—Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her of depraved indifference murder *(see,* Penal Law § 125.25 [2]). The charge arose from the beating death of her 23-month-old son. Defendant contends that the trial court erred by permitting the People, on their direct case, to introduce evidence of defendant's prior uncharged abusive conduct toward her son

without conducting a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350). Defendant also argues that the evidence was not relevant to any issue in the case and that the trial court failed to weigh the probative value of that evidence against the potential for undue prejudice to defendant *(People v Hudy,* 73 NY2d 40, 55; *People v Molineux,* 168 NY 264, 293). We conclude that the court erred in failing to conduct a *Ventimiglia* hearing *(see, People v Ventimiglia, supra; People v Charleston,* 175 AD2d 602, *lv denied* 78 NY2d 1126). In light of the overwhelming proof of defendant's guilt, however, that error was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Myers,* 185 AD2d 695 [decided herewith]; *cf., People v Kocyla,* 167 AD2d 938, 939). Furthermore, the admission of the proffered evidence that defendant engaged in abusive conduct toward her son prior to his death was proper because it was material and relevant on the issues of whether defendant's actions evinced a depraved indifference to human life, whether her son's death was accidental *(see, People v Rolf,* 185 AD2d 656 [decided herewith]), and the identity of the perpetrator of the crime *(see, People v Beam,* 57 NY2d 241, 251; *People v Allweiss,* 48 NY2d 40, 47). "Th[ose] exception[s are] especially applicable in cases where the crime charged has occurred in the privacy of the home and the facts are not easily ascertainable" *(People v McNeeley,* 77 AD2d 205, 211; *see also, People v Henson,* 33 NY2d 63, 72). Additionally, in our view, the probative value of that evidence exceeded its potential for prejudice to defendant *(see, People v Hudy,* 73 NY2d 40, 55, *supra).*

Viewing the evidence in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620), we conclude that defendant's conviction of second degree murder is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Furthermore, we reject defendant's contention that the verdict is against the weight of the evidence *(see, People v Bleakley, supra,* at 495).

Upon our review of the record, we conclude that the sentence imposed was unduly severe and should be modified *(see, People v Delgado,* 80 NY2d 780; *People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80, 86-87; *People v Notey,* 72 AD2d 279). Therefore, as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]), we modify the sentence by reducing it from 25 years to life to 15 years to life *(see,* Penal Law § 70.00 [2] [a]; [3] [a]).

We have reviewed defendant's remaining contentions and

conclude that none requires reversal. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.