■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX MYERS, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The trial court erroneously and without the benefit of a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) allowed defendant's former girlfriend to testify to defendant's acts of violence against her and her

child, as well as his other bad acts, as part of the People's direct case. The testimony was not relevant to the crimes charged and was admitted only to demonstrate defendant's criminal propensities (see, People v Hudy, 73 NY2d 40, 55; People v Lewis, 69 NY2d 321, 325; People v Ventimiglia, supra). In light of the overwhelming proof of defendant's guilt, however, we conclude that the error was harmless (see, People v Sistrunk, 172 AD2d 862, lv denied 78 NY2d 1081; cf., People v McArthur, 170 AD2d 540, lv withdrawn 77 NY2d 997).

The question of whether Dorothy Costello was an accomplice was properly submitted to the jury. Although Costello was charged as a codefendant, she was acquitted after trial. In her testimony at defendant's trial, she disavowed participation in any criminal activity. Because there was conflicting evidence on the issue of Costello's complicity, whether she was defendant's accomplice was properly submitted to the jury as an issue of fact (see, People v Sweet, 78 NY2d 263, 266; People v Basch, 36 NY2d 154, 157).

County Court erred by resentencing defendant in August 1991 on the return date of defendant's CPL 440.10 motion. County Court had already sentenced defendant in absentia in March 1990 and lacked authority to resentence defendant in order to make the Niagara County sentence run consecutively to sentences imposed in Queens and Suffolk Counties in June and July 1991. Therefore, the sentence imposed on August 5, 1991 is vacated and the sentence imposed on March 22, 1990 is reinstated.

We have examined defendant's remaining arguments and find them to be either unpreserved or lacking in merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.— Criminal Possession Forged Instrument, 2nd Degree.) Present —Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.