■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ICELENE BARRETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Braatz, J.), rendered May 26, 1989, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order with notice of entry, the official having custody of the defendant's person is directed to produce her, before the County Court, Orange County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on her own recognizance or fixing bail or committing her to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indict-ment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Orange County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

No questions of fact were raised or considered.

On March 14, 1988, the defendant shot and killed her husband. At trial, the defendant claimed that she shot her husband in self-defense, testifying that, directly prior to the shooting, he had threatened "to blow [her] head off" and to

"close her mouth for good". When her husband went into the bathroom, the defendant heard a "clicking sound". Believing that her husband was loading a gun, the defendant retrieved a shotgun and fired one shot into the bathroom, killing him. In addition, the defendant and several witnesses testified that she had repeatedly been beaten and threatened by her husband, to whom she had been married since 1977. According to the defendant's expert, she was suffering from the battered woman syndrome, which limited her ability to cope with and escape from harm and pain and "created in her state of mind a reasonable fear that [the victim] was indeed going to inflict serious bodily damage or actually kill her, as he threatened to do".

On appeal, the defendant argues that she was denied a fair trial when the court, over objection, permitted the prosecutor to question her about certain prior crimes and alleged bad acts. Specifically, the court ruled prior to trial that the defendant could be cross-examined about, *inter alia,* the facts underlying a conviction for reckless endangerment and criminal possession of a weapon arising out of the defendant's shooting at her former father-in-law in 1973. The court also ruled that the prosecutor could cross-examine the defendant about a 1969 incident in which she allegedly threw lye at her former husband and tried to cut off his penis with a knife. We agree that the admission of that evidence deprived the defendant of a fair trial.

"It is elementary that evidence of a defendant's prior criminal or immoral conduct is inadmissible if it cannot logically be linked to some specific material issue in the case" *(People v Hudy,* 73 NY2d 40, 54). The proponent of such evidence must, as a threshold matter, "identify some issue, *other than mere criminal propensity,* to which the evidence is relevant * * * Once such a showing is made, the court must go on to weigh the evidence's probative worth against its potential for mischief to determine whether it should ultimately be placed before the fact finder" *(People v Hudy, supra,* at 55; *see also, People v Lewis,* 69 NY2d 321; *People v Bennette,* 56 NY2d 142; *People v Basir,* 179 AD2d 662). The risk of prejudice is particularly acute when the prior crime or conduct is remote in time or is similar to the offense charged *(see, People v Bennette, supra,* at 147; *People v Carr,* 157 AD2d 794).

In the instant case, the court acknowledged that the 15-year-old and 20-year-old incidents were remote in time, but nevertheless admitted them "in view of the defense of battered woman syndrome". Contrary to the court's reasoning,

however, the defendant was not basing her defense on anything that happened 15 or 20 years ago. Rather, her position was that she acted reasonably in defending herself on March 14, 1988, considering that the victim had beaten her periodically and threatened her immediately beforehand. Thus, the 15- and 20-year-old incidents had no bearing on any issue in the instant case and were improperly admitted solely to show the defendant's predisposition to violence *(see, People v Hudy, supra; People v Myers,* 185 AD2d 695). Moreover, the admission of evidence of those incidents was clearly prejudicial since it was highly inflammatory and similar to the instant offense *(see, People v Lewis, supra).*

Such evidence was particularly prejudicial since it was referred to repeatedly by the prosecution throughout the trial. The ex-husband, whom the defendant allegedly assaulted 20 years before, testifying for the defendant, recanted his charge that the defendant had thrown lye in his face and tried to cut him in October 1969. Yet, the prosecutor was allowed during cross-examination, over the defendant's objection, to read into the record a statement the ex-husband made to the police in 1976, in which he had accused the defendant of those acts. In addition, the prosecutor was allowed, over objection, to call the retired police officer who took the statement to read it into the record again. Further, the prosecutor referred to the incident again in his summation. Under all the circumstances of this case, the foregoing errors deprived the defendant of her fundamental right to a fair trial *(see, People v Crimmins,* 36 NY2d 230, 238; *People v James,* 184 AD2d 582).

We also note that the trial court erred in allowing the People's expert to testify on rebuttal, over the defendant's objection, that the defendant's behavior was inconsistent with that of someone who was suffering from the battered-woman syndrome. Although the witness's background in forensic psychiatry ordinarily may have been sufficient to qualify him as an expert, he expressly admitted that he was not an expert in the area of battered women. Accordingly, his testimony should have been excluded *(see, Matott v Ward,* 48 NY2d 455, 459; Richardson, Evidence §§ 366-368 [Prince 10th ed]).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.