■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ENCARNACION, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered October 30, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant failed to take exception to any portion of the trial court's jury charge on criminal possession of a controlled substance in the third degree, and thus failed to preserve a claim of error for appellate review as a matter of law (CPL 470.05; *People v Velasquez,* 76 NY2d 905, 908). Similarly, defendant failed to alert the trial court of his current claim, that the alternate references in the jury charge to the "compound" in evidence as "cocaine" rendered insufficient the People's evidence of the weight of the drugs involved, and thus failed to preserve the issue for appellate review as a matter of law (CPL 470.05; *People v Bynum,* 70 NY2d 858). In any event, the trial court's jury charge specifically stated both the indictment count, and the statutory definition of criminal

possession of a controlled substance in the third degree, including the weight requirement as "one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic drug" (the indictment count added: "to wit: cocaine"), and the court's subsequent references to the substance as "cocaine" without repeating the "compound" language cannot reasonably have been construed by the jury to require application of a "pure weight" standard (never an issue before the jury) for the cocaine. Thus, the jury charge taken as a whole conveyed the appropriate legal standard *(People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021).

The trial court's jury charge regarding the presumption of innocence repeatedly conveyed the appropriate legal principles. The single word complained of for the first time on appeal appears to be a typographical error in the record. In any event, even if the trial court misspoke the single word, as the charge as a whole conveyed the appropriate legal principles, such a misstatement does not constitute reversible error *(see, People v Coleman,* 70 NY2d 817).

Defendant's additional claims of error regarding the prosecutor's summation comments are unpreserved by appropriate and timely objection for appellate review as a matter of law (CPL 470.05). If we were to review them in the interest of justice we would find them to be without merit. Concur— Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.