■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. ROBINSON, Appellant. [609 NYS2d 978] —Judgment unanimously affirmed. Memorandum: The police seized a quantity of drugs, drug paraphernalia and stolen property when they executed a search warrant at defendant's apartment. Defendant was convicted, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, two counts of criminally using drug paraphernalia in the second degree, one count of criminal possession of stolen property in the fourth degree and one count of criminal possession of stolen property in the fifth degree.

On appeal, defendant contends that reversal is required because the trial court failed to conduct a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350). The record reveals that the prosecutor met his initial obligation to seek a ruling on the admissibility of evidence of prior uncharged crimes before the trial commenced *(see, People v Hudy,* 73 NY2d 40, 55; *People v Ventimiglia, supra,* at 362). The prosecutor stated that the proffered evidence would assist the People in establishing defendant's intent to sell or distribute the narcotics found in defendant's possession, as charged in several counts of the indictment. The court, without objection from defendant, ruled that the evidence was admissible but did not "go on to weigh the evidence's probative worth against its potential for mischief to determine whether it should ultimately be placed before the fact finder" *(People v Hudy, supra,* at 55; *see also, People v Ventimiglia, supra,* at 362). The court's failure

to conduct a *Ventimiglia* hearing was error, but the error is harmless in light of the overwhelming proof of defendant's guilt. There is no significant probability that defendant would have been acquitted but for that error *(see, People v Holloway,* 185 AD2d 646, 647, *lv denied* 80 NY2d 1027; *People v Myers,* 185 AD2d 695)*. Furthermore, the admission of the proffered evidence was proper because it was probative on the element of intent to sell or distribute the narcotics found in defendant's possession. Additionally, we conclude that the probative value of that evidence exceeded its potential for prejudice to defendant *(see, People v Holloway, supra,* at 647).

Finally, the record shows that defendant was not denied a fair trial by reason of prosecutorial misconduct *(see, People v Rubin,* 101 AD2d 71, 77; *People v Mott,* 94 AD2d 415, 419). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.