■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES THOMAS, Appellant. [617 NYS2d 107] —Judgment unanimously affirmed. Memorandum: The trial court erred in permitting the People to cross-examine defendant regarding his uncharged use of cocaine without conducting a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350; *People v Holloway,* 185 AD2d 646, 647, *lv denied* 80 NY2d 1027). In light of the overwhelming proof of defendant's guilt, however, that error was harmless *(see, People v Myers,* 185 AD2d 695; *People v Holloway, supra).*

Finally, defendant's sentence is not harsh or excessive. (Appeal from Judgment of Monroe County Court, Egan, J.— Burglary, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.

■ ROSA M. HERNANDEZ, Appellant, v ANNE C. YACCO et al., Respondents. [617 NYS2d 676] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment dismissing the complaint. In support of their motion, defendants submitted evidence sufficient to demonstrate, as a matter of law, that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d) *(see, Gaddy v Eyler,* 79 NY2d 955; *DuMont v Sandhir,* 201 AD2d 450; *Logan v Laidlaw School Tr.,* 175 AD2d 568). Plaintiff, in opposition to the motion, failed "to make a prima facie showing of serious injury sufficient to raise a triable issue of fact" *(Costa v Billingsley,* 127 AD2d 990, 991). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.— Summary Judgment.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.