■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PINK FURTICK, JR., Also Known as ED FURTICK, Appellant. [625 NYS2d 974] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the first and third degrees and conspiracy in the second degree, defendant contends that Supreme Court erred in failing to charge the jury, with respect to criminal possession of a controlled substance in the first degree, that the People had to prove defendant's knowledge of the weight of the controlled substance *(see,* Penal Law § 220.21 [1]; *People v Ryan,* 82 NY2d 497). That issue is unpreserved, and we decline to address it as a matter of discretion in the interest of justice *(see, People v Napoli,* 212

AD2d 1022; *People v Young,* 209 AD2d 996; *People v Mamma-rello,* 209 AD2d 999; *People v Echols,* 209 AD2d 1000).

Defendant also contends that the court erred in permitting a prosecution witness to testify concerning defendant's uncharged prior drug activity. Even assuming, arguendo, that the court erred in permitting that testimony *(see, People v Pena-Martinez,* 206 AD2d 858), we conclude that any error is harmless in view of the overwhelming proof of guilt *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Thomas,* 207 AD2d 1029).

We have reviewed defendant's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.