■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GREER, Appellant. [630 NYS2d 604] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court properly denied the motion to suppress the cocaine recovered by police following their pursuit of defendant. Defendant's flight in response to the lawful approach of the police, considered in conjunction with other circumstances indicating that defendant was engaged in criminal activity, gave rise to a reasonable suspicion justifying the pursuit (*see, People v Sierra*, 83 NY2d 928; *People v Martinez*, 80 NY2d 444, 448; *People v Sloan*, 178 AD2d 624, *lv denied* 79 NY2d 953).

Defendant failed to preserve for our review his contentions that the court's circumstantial evidence charge was erroneous (*see, People v Allen*, 135 AD2d 542, *lv denied* 71 NY2d 892), that the evidence of knowing possession is insufficient to support his conviction of criminal possession of a controlled substance in the fifth degree (*see, People v Gray*, 86 NY2d 10), and that the court failed to instruct the jury properly that the People were required to prove his knowledge of the weight of the cocaine (*see, People v Wright*, 214 AD2d 989; *People v Furtick*, 213 AD2d 1012). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The majority of the alleged instances of prosecutorial misconduct are also unpreserved for our review (*see*, CPL 470.05 [2]). "Because those errors that were preserved 'were not so egregious or prejudicial as to deprive defendant of a fair trial, reversal is not warranted' " (*People v Toumbis*, 204 AD2d 1026, quoting *People v Dawkins*, 203 AD2d 957, 958, *lv denied* 84 NY2d 824). We reject defendant's contention that the court erred in permitting the arresting officers to testify, based upon their training and experience, that the packaging of the drugs was indicative of street sales. We also reject defendant's contention that the evidence of intent to sell is insufficient to support the conviction of criminal possession of a controlled substance in the third degree (*see, People v Smith*, 213 AD2d 1073). The sentence imposed is not unduly harsh or severe.

We agree with the contention, however, that defendant's conviction under the third count of the indictment cannot stand. That count, charging defendant with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), is a lesser inclusory concurrent count of the second count, charging defendant with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). We, therefore, reverse defendant's conviction under the third count of the indictment, vacate the sentence imposed thereon and dismiss that count. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.