■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAHSAI TECLE, Appellant. [642 NYS2d 653] —Judgment, Supreme Court, New York County (James Leff, J.), rendered May 20, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's claim that the court instructed the jury that the burden of proof shifted to the defendant where he offers evidence in his own behalf is unpreserved as a matter of law, since he raised no objection to the charge (*see, People v Brown,* 220 AD2d 250, *lv denied* 87 NY2d 898; *see also, People v Thomas,* 50 NY2d 467), and we decline to review it in the interest of justice. Moreover, the omission of the word "never" appears to be a stenographic or typographical error (*see, People v Encarnacion,* 190 AD2d 607, 608, *lv denied* 81 NY2d 1072), since the court had just advised the jury, moments before, that "the burden never shifts to the defendant".

The prosecution's rebuttal testimony was improper only in form, and, in any event, defendant failed to preserve his appellate claims that the testimony constituted bolstering and inappropriately injected the credibility of the prosecutor into the case (see, People v Paperno, 54 NY2d 294), by failing to specifically object on those grounds (see, People v Tevaha, 84 NY2d 879). Similarly, no objection was raised as to the prosecutor's comments on summation, rendering such claim unpreserved (see, People v Balls, 69 NY2d 641). We also note the overwhelming evidence of defendant's guilt.

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.