THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WATKINS, Appellant. [645 NYS2d 383] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him after a jury trial of various crimes involving damages to or thefts from five mausoleums at the Mt. Hope Cemetery in Rochester, New York, defendant contends that reversal is required because Supreme Court permitted the People, as part of their direct case, to introduce evidence of prior uncharged crimes, without conducting a *Ventimiglia* hearing (*see, People v Ventimiglia*, 52 NY2d 350).

We conclude that the court's failure to conduct a *Ventimiglia* hearing was error, but that the error is harmless in light of the overwhelming proof of defendant's guilt. There is no significant probability that defendant would have been acquitted but for that error (*see, People v Thomas*, 207 AD2d 1029, *lv denied* 84 NY2d 1016; *People v Holloway*, 185 AD2d 646, 647, *lv denied* 80 NY2d 1027).

Defendant failed to preserve for our review his contentions that the court committed reversible error by failing either to read the list of prospective witnesses to the prospective jurors or to ask the prospective jurors whether any of the prospective witnesses were known to them; the court erred in excusing

seven prospective jurors *sua sponte*; and reversal is required because of prosecutorial misconduct and cumulative error (*see*, CPL 470.05 [2]). Also unpreserved for our review is defendant's contention that the court committed reversible error by requiring defendant to exercise his peremptory challenges before the People were required to do so (*see, People v Mancuso*, 22 NY2d 679, 680, *cert denied sub nom. Morganti v New York*, 393 US 946, *rearg denied* 27 NY2d 670; *People v Boylan*, 190 AD2d 1043, *lv dismissed* 81 NY2d 882, *lv denied* 81 NY2d 967). Moreover, with respect to the latter contention, we are unable to determine from our review of the record whether defendant in fact exercised his peremptory challenges first. We decline to exercise our power to review the unpreserved contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.