**David T. HILL, Plaintiff,**

v.

**Glenn S. GOORD, Commissioner of N.Y.S. Department of Correctional Services; Vincent J. Iaria, Director, County of Suffolk, New York Department of Probation; Roslyn W. Block, Deputy Director, County of Suffolk, New York Department of Probation; James F. Recore, Director of Temporary Release Programs, N.Y.S. Depart-**ment **of Correctional Services; P. Ledbetter, Temporary Release Reviewer TRP, N.Y.S. Department of Correctional Services; Joseph J. Gawloski, Executive Director, State of New York Executive Department Division of Parole; Al Bove, Special Assistant to Director, State of New York, Division of Parole; Lorraine V. Morse, Legal Assistant, Board of Parole, State of New York, Executive Department Division of Parole; Division of Parole, Division of Probation and Department Correction, and/or their Affiliates, Defendants.**

No. CV 98–3088(ADS).

United States District Court,
E.D. New York.

Sept. 2, 1999.

**256**

David T. Hill, Fallsburg, NY, plaintiff pro se.

Office of the New York State Attorney General, Nassau Regional Office, Mineola, NY by Dorothy Oehler Nese, Assistant Attorney General, for New York State Defendants.

Office of Suffolk County Attorney, Hauppauge, NY by Garrett W. Swenson, Jr., Assistant County Attorney, for Suffolk County Defendants.

### DECISION AND ORDER

SPATT, District Judge.

In this lawsuit pursuant to 42 U.S.C. § 1983, the pro se incarcerated plaintiff, David T. Hill ("Hill" or the "plaintiff"), claims that various New York State and Suffolk County officers and agencies failed to amend an incorrect statement in the Pre-Sentence Report contained in his inmate records, as a result of which he was wrongfully denied his requests to be released to parole supervision. He seeks money damages for his emotional distress, and injunction in the form of an Order from this Court directing the State to afford him an "immediate parole board interview." At issue is the New York State

defendants' motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### I. BACKGROUND

The following facts are taken from the Complaint, and from several of the exhibits attached to the defendants' moving papers, including Orders and documents related to the plaintiff's criminal case and parole hearings. When considering a motion to dismiss the complaint, the District Court may consider the allegations in the complaint and "all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995). Also, Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." In the Court's view, the Orders and documents related to Hill's related state case and parole hearings are capable of determination by sources whose accuracy cannot reasonably be questioned. It also is entirely proper for this Court to take judicial notice of the actions taken in these related proceedings "to establish the fact of such litigation and related filings." *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991)).

### A. Hill's Underlying Criminal Conviction

On July 20, 1988, two judgments were rendered in the Supreme Court of the State of New York, Suffolk County, convicting Hill, upon a jury verdict, of Criminal Possession of a Controlled Substance in the Third Degree (two counts), under indictment No. 54/88, and Forgery in the Second Degree (two counts), Criminal Pos-

session of a Forged Instrument in the Second Degree (two counts), Grand Larceny in the Second Degree, Attempted Grand Larceny in the Second Degree, and Offering a False Instrument for Filing in the First Degree, under indictment No. 86/88. The sentencing court imposed concurrent indeterminate terms of 3 to 9 years imprisonment on each count of Criminal Possession of a Controlled Substance in the Third Degree, with these terms to run consecutively to concurrent indeterminate terms of 2 to 6 years imprisonment on each count of Forgery in the Second Degree and Criminal Possession of a Forged Instrument in the Second Degree, with these terms to run consecutively to concurrent indeterminate terms of 3 to 9 years imprisonment for Grand Larceny in the Second Degree and 2 to 6 years imprisonment for Attempted Grand Larceny in the Second Degree, with these terms to run consecutively to a term of 1 to 3 years imprisonment for Offering a False Instrument for Filing in the First Degree.

On direct appeal, the New York State Appellate Division, Second Department, unanimously ordered that the judgments be modified, as a matter of discretion in the interest of justice, to the extent of providing that the concurrent indeterminate terms of 2 to 6 years imprisonment on each count of Forgery in the Second Degree and Criminal Possession of a Forged Instrument in the Second Degree shall run concurrently with the concurrent indeterminate terms of 3 to 9 years imprisonment on each count of Criminal Possession of a Controlled Substance in the Third Degree. *People v. Hill,* 166 A.D.2d 663, 561 N.Y.S.2d 84 (2d Dept.1990).

### B. The Instant Lawsuit

#### 1. *The Defendants*

Hill commenced this case on April 10, 1998 by filing a summons and Complaint. The summons lists a total of eight individual defendants. Six of the individual defendants are New York State employees who are named in their official capacities:

Glenn S. Goord, Commissioner of the New York State Department of Correctional Services; James F. Recore, Director of Temporary Release Programs, N.Y.S. Department of Correctional Services; P. Ledbetter, Temporary Release Reviewer TRP, New York State Department of Correctional Services; Joseph J. Gawloski, Executive Director, State of New York Executive Department Division of Parole; Al Bove, Special Assistant to Director State of New York Division of Parole; and Lorraine V. Morse, Legal Assistant, Board of Parole, State of New York Executive Department Division of Parole (collectively the "individual State defendants"). In addition, the summons names two individual defendants who are Suffolk County employees named in their official capacities: Vincent J. Iaria, Director, County of Suffolk, New York Department of Probation; and Roslyn W. Block, Deputy Director, County of Suffolk, New York Department of Probation (collectively the "County defendants").

The summons also lists as defendants the following New York State agencies: the New York State Division of Parole ("Division of Parole"), the New York State Division of Probation ("Division of Probation") and the New York State Department of Correction ("Department of Corrections"), "and/or their Affiliates." The Attorney General of the State of New York, counsel for the New York State defendants, notes without opposition that the correct name for the "Division of Probation" is the "Division of Probation and Correctional Alternatives," and the correct name for the "Department of Corrections" is the "Department of Correctional Services."

#### 2. *The Plaintiff's Allegations*

Hill alleges in the Complaint that in November 1994 and October 1996, he was interviewed by the Division of Parole and was denied release because of incorrect information contained in his Pre–Sentence Report, namely, an improper reference to

a conviction for Unlawful Imprisonment in the First Degree. Further, Hill states that on July 20, 1994, the Honorable Kenneth K. Rohl, Justice of the Supreme Court, Suffolk County, New York, directed that the Pre–Sentence Report be amended to remove this incorrect information. Hill's claim is confirmed in this regard by Justice Rohl's Order, a copy of which is attached as an exhibit to the defendants' moving papers, and which states that "Defendant's motion for an order amending his probation report to delete any improper reference to a conviction for unlawful imprisonment in the first degree is granted." Hill maintains that the Division of Parole, Division of Probation and Department of Corrections refused to acknowledge the amended Pre–Sentence Report and opted to utilize the incorrect original Report. Hill alleges that his attorney served copies of the correct information prior to each Parole Board hearing, but that the Parole Board ignored it, and thus rendered decisions denying Hill parole based on erroneous information.

The Complaint seeks the following relief: (1) an injunction in the form of an Order directing the State to grant him an immediate Parole Board hearing, based on an amended Pre–Sentence Report which omits the incorrect reference to an unlawful imprisonment conviction; and (2) monetary damages for emotional distress.

## II. DISCUSSION

■ As noted above, the New York State defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) on the following grounds: (1) the plaintiff's claims are barred by the Eleventh Amendment; (2) the actions of the Division of Parole in this case are shielded by the doctrine of absolute immunity; (3) the plaintiff fails to state a cause of action against the six individual State employees, who are named as defendants in the summons only and not otherwise mentioned in the Complaint; (4) the plaintiff fails to state a cause of action against the Department of Correc-

tions and the Division of Probation, because these agencies have no authority over the parole decision-making process; (5) the plaintiff has failed to pursue his State court remedies in the form of proceeding pursuant to New York Civil Practice Law and Rules ("CPLR") Article 78; and (6) that aspect of the Complaint which seeks an Immediate Parole Board hearing is now moot, because the plaintiff appeared for such an interview on October 27, 1998. With regard to the mootness argument, raised for the first time in the reply papers, the defendants state that the plaintiff's most recent application for release to parol supervision was denied following the October 27, 1998 interview, at which time the proper and corrected Pre–Sentence Report was before the Parole Board. However, this Court declines to consider the mootness argument raised for the first time in the reply papers, thereby denying the plaintiff a full opportunity to respond.

### A. The New York State Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim: The Standard

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the Complaint which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Harris v. City of New York,* 186 F.3d 243 (2d Cir.1999); *S.E.C. v. U.S. Environmental, Inc.,* 155 F.3d 107, 110 (2d Cir.1998). "The task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 [2d Cir.1984] ). Thus, the Court must accept the allegations of the Complaint as true, and con-

strue all reasonable inferences in favor of the plaintiff. *See King v. Simpson*, 189 F.3d 284 (2d Cir.1999); *Connell v. Signoracci*, 153 F.3d 74 (2d Cir.1998). Further, District Courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 [2d Cir.1994] ).

## B. The 11th Amendment

■ Hill sues the individual State defendants in their official capacities. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 [1978] ). In all respects other than name, as long as the government entity is notified and has the opportunity to respond, suits against government officials in their official capacity are to be treated as suits against the entity itself, not against the official personally, because the real party in interest is the entity. *See id.* at 166, 105 S.Ct. 3099.

■ However, the Eleventh Amendment generally prohibits suits against a state or one of its agencies in federal court absent the state's consent or a valid abrogation of its sovereign immunity by an act of Congress. *See Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir.1997); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Section 1983 has been held not to have abrogated states' sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 343, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Dube v. State University of New York*, 900 F.2d 587 (2d Cir.1990).

Moreover, New York has not consented to suits in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–39 (2d Cir.1977).

■ Because Hill has named as defendants the six individual State defendants in their official capacities and the New York State Division of Parole, Division of Probation, and Corrections, this Court lacks jurisdiction over his claims. For these reasons, the New York State defendants' motion to dismiss the Complaint is granted.

In view of the dismissal on this ground, the Court does not address the State defendants' remaining arguments in favor of dismissal.

## C. The *Heck* Rule

■ Further, the Court is of the opinion that the Complaint should be dismissed in its entirety against all of the defendants pursuant to the principles outlined in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Although this issue is not raised in the New York State defendants' motion, and the County defendants have not moved for dismissal, the Court raises the subject *sua sponte*. "The district court has the power to dismiss a complaint sua sponte for failure to state a claim .. so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir.1994) (internal citations, additional citations and quotation marks omitted). Because Hill was not previously notified as to this possible ground for dismissal of the entire Complaint, the Court hereby advises Hill of the Court's view, as set forth more fully below. The Court does not dismiss the Complaint in its entirety at this time, so that Hill will be afforded an opportunity to be heard and to oppose dismissal, should he wish to do so. Hill must object to the proposed dismissal of the entire Complaint, should he wish to do so, by filing an opposition within thirty days of the date of this Decision, namely,

on or before September 30, 1999. Hill is further notified that failure to file an objection within this thirty-day period will result in dismissal of the Complaint with prejudice.

### 1. The Heck Rule

In *Heck v. Humphrey*, an inmate sought money damages, rather than release from confinement, based on a claim that his underlying criminal conviction had been obtained by the defendants' unlawful acts. The Supreme Court held that the prisoner's Section 1983 damages action was not cognizable where the establishment of such a claim "necessarily demonstrates the invalidity of the conviction." *Id.* 481–82, 114 S.Ct. 2364. In such cases, the Supreme Court explained, the plaintiff could be said to be " 'attacking ... the fact or length of ... confinement.' " *Id.* at 482, 114 S.Ct. 2364 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 [1973] ) (alteration in original). The Court concluded by stating:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87, 93 S.Ct. 1827 (footnote omitted). In making this announcement, which has since been come to be known as "the *Heck* rule," the Supreme Court did not "engraft an exhaustion requirement upon § 1983, but rather den[ied] the existence of a cause of action." *Id.* at 489, 114 S.Ct. 2364.

 To comply with the *Heck* rule, a prisoner must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court or a federal court in a habeas proceeding as a prerequisite to maintaining a Section 1983 action. Alternatively, if the lawsuit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that his suit does not "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364.

### 2. Edwards v. Balisok

The Supreme Court has since elaborated on the application of *Heck* in the analogous context of inmate Section 1983 suits alleging due process violations for procedures used in disciplinary hearings that resulted in deprivation of good-time credits. In *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court held that a prisoner's Section 1983 suit alleging deceit and unfairness by a hearing officer was not cognizable where the hearing resulted in a revocation of the prisoner's accrued good-time credits. *Id.* at 648, 117 S.Ct. 1584. In so holding, the Court rejected the prisoner's distinction between challenges to the procedures used as opposed to the result of the hearing. *Id.* at 644, 117 S.Ct. 1584. The Court explained that even though the prisoner did not request the restoration of his good-time credits, a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his goodtime credits. Consequently, the Court held that, consistent with the *Heck* rule, his Section 1983 claim was not cognizable until the prison's decision had been overturned through administrative channels, by a state court or by a federal court in a habeas proceeding. *See id.* at 648, 117 S.Ct. 1584; *see also Jenkins v. Haubert*, 179 F.3d 19 (2d Cir.1999) (discussing *Heck* and *Edwards* ).

### 3. Hill's Claims are Barred by Heck

 Turning to the circumstances presented here, the "[f]ederal courts have held that *Heck* applies to § 1983 damage

actions challenging the fact or duration of parole release on the rationale that the plaintiff is in effect attacking his confinement and state court remedies have not been exhausted." *Friedland v. Fauver,* 6 F.Supp.2d 292, 309 (D.N.J. 1998) (citing cases); *see also White v. Gittens,* 121 F.3d 803 (1st Cir.1997) (barring Section 1983 claim for damages and declaratory relief regarding state decision to revoke parole); *Butterfield v. Bail,* 120 F.3d 1023 (9th Cir.1997) (barring Section 1983 damage action challenging state parole ineligibility decision); *Burkett v. Love,* 89 F.3d 135 (3d Cir.1996) (ordering dismissal based on failure to exhaust state remedies of inmate's claim that parole was denied in retaliation for prior successful habeas petition); *Schafer v. Moore,* 46 F.3d 43 (8th Cir.1995) (barring inmate's challenge to state denial of parole); *Benson v. New Jersey State Parole Bd.,* 947 F.Supp. 827 (D.N.J.1996) (barring inmate's Section 1983 action seeking declaratory relief and punitive damages for alleged denial of a timely parole hearing and erroneous calculation of parole eligibility date).

For example, the Ninth Circuit held in *Butterfield v. Bail,* 120 F.3d 1023 (9th Cir.1997), that an inmate's allegation that the defendants "violated his due process rights by considering false information in his prison file to find him ineligible for parole ... necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." *Id.* at 1024 (citing *Elliott v. United States,* 572 F.2d 238, 239 [9th Cir.1978] ). The Court went on to state that:

> Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits. [The inmate's] civil claim for damages amounts to a collateral attack on his denial of

parole and subsequent incarceration. *Heck* does not permit this.

*Id.* Other Circuits have reached similar results. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the validity of his parole revocation" and therefore is cognizable only in habeas); *McGrew v. Texas Board of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir.1995) ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement," and therefore must be brought as a petition for writ of habeas). The Butterfield Court also observed that the fact that the inmate seeks money damages rather than parole as a remedy does not alter this conclusion:

> Although this court is not empowered to grant Appellant parole as a remedy to the alleged procedural defects in his parole hearing, the remedy he ultimately seeks is parole. Appellant would not challenge the alleged procedural defects in his parole hearing if he did not believe that, were those procedural defects remedied, he would be paroled. Further, although Appellant does not in form challenge the legality or length of his confinement, in substance his damages may only be measured by that confinement. Any money damages that would be assessed against defendants in this case would necessarily be based upon the harm to Appellant in having his parole denied, i.e., damages will inevitably be measured by the denial of parole—[the inmate's] continuing confinement.

*Butterfield,* 120 F.3d at 1025.

█ In the Court's view, because Hill's Section 1983 claim necessarily implicates the validity of his continuing confinement, it does not accrue unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the

grant of writ of habeas corpus. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364. For this reason, the Court is of the opinion that Hill fails to state a cognizable claim under Section 1983 as to any of the defendants and, therefore, his Complaint should be dismissed in its entirety as to all of the defendants pursuant to Rule 12(b)(6). Nevertheless, in view of the fact that Hill was not notified as to this possible ground for dismissal, the Court hereby advises Hill that in the Court's view, the Complaint should be dismissed in its entirety pursuant to *Heck* and its progeny. The Court will not dismiss the Complaint at this time, so that Hill will have the opportunity to be heard, should he wish to do so, on this subject. Hill must oppose the proposed dismissal of the Complaint as to all of the defendants, should he wish to do so, by filing such opposition within thirty days of the date of this Decision, namely, on or before September 30, 1999. Hill is further notified that failure to file an objection within the thirty-day period will result in dismissal of the entire Complaint with prejudice.

## III. CONCLUSION

After reviewing the parties' submissions, and for the reasons set forth above, it is hereby

**ORDERED,** that the motion of the New York State defendants to dismiss the Complaint pursuant to Rule 12(b)(6) is granted; and it is further

**ORDERED,** that Hill is hereby notified that in the Court's view, the Complaint should be dismissed pursuant to *Heck* and its progeny. However, the Court will not dismiss the Complaint its entirety at this time, so that Hill will have the opportunity to be heard, should he so desire. Hill must oppose the proposed dismissal of the entire Complaint as to all of the defendants, should he wish to do so, by filing such opposition within thirty days of the date of this Decision, namely, on or before September 30, 1999. Failure to file an objection within the thirty-day period will result in dismissal of the entire Complaint with prejudice; and it is further

**ORDERED,** that the Clerk of the Court is directed to serve a copy of this Order plaintiff by certified mail, return receipt requested, forthwith.

**SO ORDERED.**