■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM K. HOLLOWAY, Appellant. [769 NYS2d 803]—

Appeal from a judgment of Orleans County Court (Punch, J.), entered February 15, 2002, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). We reject the contention of defendant that County Court erred in permitting the People to introduce proof of an uncharged sale of cocaine that occurred two hours before his arrest. It is well settled that evidence of uncharged crimes may be relevant to establish intent (*see People v Molineux*, 168 NY 264, 293-294 [1901]). Here, an element of criminal possession of a controlled substance in the third degree is intent to sell (Penal Law § 220.16 [1]), and the court properly determined that evidence of the uncharged drug sale that occurred just two hours before defendant's arrest was admissible as evidence of defendant's intent to sell the cocaine possessed by defendant at the time of his arrest (*see People v Maddox*, 272 AD2d 884 [2000], *lv denied* 95 NY2d 867 [2000]). We further conclude that the court's error in admitting such proof without first conducting a hearing is harmless (*see People v Watkins*, 229 AD2d 957 [1996], *lv denied* 89 NY2d 931 [1996]; *People v Robinson*, 202

AD2d 1044, 1044-1045 [1994], *lv denied* 83 NY2d 1006 [1994]). Also contrary to defendant's contention, the court properly instructed the jury on the elements of criminal possession of a controlled substance in the fifth degree (*see People v Encarnacion*, 190 AD2d 607, 607-608 [1993], *lv denied* 81 NY2d 1072 [1993]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.