■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDILIO RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered October 26, 1989, convicting defendant of one count of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to an indeterminate term of 6 years to life imprisonment, unanimously affirmed.

At the trial, the police chemist testified that he conducted three color tests on 50 glassine envelopes that were randomly selected from the initial group of 499 such envelopes. Following positive indicator results, the chemist mixed the contents of the 50 glassines and conducted further microscopic, and chromatographic examinations, the results of which established the presence of heroin hydrochloride in the mixture whose aggregate weight was more than one-half ounce.

Defendant now urges that as a matter of law, the chemist did not test a sufficient quantity of glassines. As we have previously noted, it is for the jury to decide whether the expert had adequately analyzed and weighed the contents and whether his opinion was entitled to be credited. (See, People v Thurman, 179 AD2d 382, lv denied 79 NY2d 954; People v Argro, 39 NY2d 929, 930.) We do not find that the court's instruction as to weight misleading or improper. The court emphasized that the total weight of pure heroin contained therein was not controlling. Defendant was properly found to be a second felony offender (People v Butts, 127 AD2d 777). We decline to reach, in the interest of justice, defendant's unpreserved arguments concerning the prosecutor's summation. Were we to do so we would find that the comments did not deprive defendant of a fair trial.

We have examined defendant's remaining contention and find it to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.