■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARY DAVID NELSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered November 30, 1989, convicting him of criminal possession of a controlled substance in the fourth degree and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he possessed 1/8 of an ounce or more of a substance containing cocaine, as is required to sustain a conviction for criminal possession of a controlled substance in the fourth degree. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). His determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It was for the trier of fact to determine whether the People's forensic chemist had adequately weighed the contents of the 21 vials and whether her opinion was entitled to be credited *(see, People v Argro,* 37 NY2d 929, 930). Where, as here, the defendant does not point to any serious flaw in the chemist's analysis, but merely questions a possible discrepancy with a test subsequently performed by the defendant's expert, no basis exists for disturbing the trial court's finding *(see, People v Hull,* 162 AD2d 550, 551). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.