■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON STANLEY, Appellant. [595 NYS2d 788] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered March 7, 1989, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the actions of the police in searching and seizing narcotics from his person after the car in which he was a passenger was pulled over for a traffic infraction deprived him of his right to be free from unreasonable searches and seizures. In addition, he contends that the police testimony at the suppression hearing as to the location of the cocaine had the appearance of being patently tailored to nullify constitutional objections, and therefore should not have been credited. We find that the evidence adduced at the hearing indicates that the police conduct was lawful and that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. The question of whether the controlled substance found on the defendant's person was in plain view of the arresting officer is a question hinging upon the credibility of the witnesses. It is well established that the hearing court's determination will be accorded great weight on appeal and will generally not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). There is no evidence to support the defendant's contention that the police officer's testimony was incredible as a matter of law or patently tailored to nullify constitutional objections (see, People v Prochilo, 41 NY2d 759; People v Overton, 188 AD2d 491; People v Pincus, 184 AD2d 666; People v Matias, 137 AD2d 625; cf., People v Lebron, 184 AD2d 784; People v Miret-Gonzalez, 159 AD2d 647; see also, Matter of Carl W., 174 AD2d 678). Accordingly, we find that

the People met their burden of going forward in the first instance and showing the legality of the police conduct.

Contrary to the defendant's contention, the conviction for criminal possession of a controlled substance in the first degree was not against the weight of the evidence. Issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo, supra,* at 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Moreover, the defendant claims that reversible error took place because in summation the prosecutor denigrated the defense counsel's strategy and misled the jury. However, those claims of error were not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Morris,* 148 AD2d 552). In any event, the prosecutor's remarks constituted a fair response to the defense counsel's summation and were therefore proper *(see, People v Arce,* 42 NY2d 179, 190, *cert denied* 451 US 914). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.