■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KAREEM JEMAL GRAHAM, Appellant. [618 NYS2d 844] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered March 25, 1993 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree and criminal possession of drug paraphernalia in the second degree.

Defendant's assertion that the People failed to produce sufficient evidence to support his conviction is without merit. While executing a search warrant at an apartment which had been observed to be the focal point of drug trafficking activity, and at which an informant had made a controlled buy, police officers found defendant holding a small amount of crack cocaine, wrapped in a piece of paper with his name and a phone number, later revealed to be that of one of his two pagers, written on it. A paper bag containing many small glassine envelopes, of a type used for packaging crack cocaine for resale, was discovered in the immediate vicinity, as was the larger amount of cocaine—similar in kind to that defendant was holding—which defendant was found by the jury to have constructively possessed. Taken together, these facts support an inference that defendant was involved in the drug-selling activity that had been observed at the apartment, and that he was not merely an innocent bystander, but had knowledge of, and dominion and control over, the cocaine discovered concealed in a false soup can located in a kitchen cupboard just a few feet from where he was sitting (see, People v Tejeda, 73 NY2d 958, 960; compare, People v Headley, 74 NY2d 858, 859).

Nor do we find merit in defendant's claim that there was insufficient proof that he was aware of the aggregate weight of the cocaine found in the soup can (see, People v Ryan, 82 NY2d 497, 504-505). From the evidence of defendant's ongoing drug-selling activity, the presence of packaging paraphernalia in the immediate vicinity and his knowing possession of the cocaine, the jury properly could have concluded that he was aware of its weight (see, People v Love, 204 AD2d 97, 98, lv granted 83 NY2d 973).

Cardona, P. J., White and Casey, JJ., concur. Ordered that the judgment is affirmed.