*259
 
 OPINION OF THE COURT
 

 Smith, J.
 

 In
 
 People v Ryan
 
 (82 NY2d 497) we held that in order to find a defendant guilty of Penal Law § 220.18 (5) (criminal possession of a controlled substance in the second degree), the People must prove beyond a reasonable doubt that the defendant had knowledge of both the possession of the substance and its weight. We now hold that, where the issue is fully preserved for our review, the knowledge requirement is applicable to the convictions here for criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]).
 

 This case involves three purchases of narcotics by an undercover agent. On May 17 and June 30, 1988 defendant sold heroin to an undercover detective who was accompanied by a confidential informant. On both occasions, defendant contacted a third party who later arrived with the drugs. At the time of the second sale, the undercover attempted to deal directly with defendant’s contact but was told by the contact that deals had to be made with defendant’s participation.
 

 On September 26, 1988, the undercover was involved in a third transaction with defendant at a car radio repair shop in Brooklyn. Defendant directed the parties into the shop and, at first, remained outside. Inside, the seller, Andre Colon, dropped the packages of drugs to the floor. The undercover, while kneeling to pick up the drugs, handed the cash to defendant who had entered the shop. Defendant counted it and then handed it to Colon.
 

 At defendant’s trial, the only direct evidence of the weight of the drugs was that from the People’s witness who used a statistical sampling method to estimate and conclude that there was more than one-half ounce of the drug in both the June 30 and September 26, 1988 sales. At Supreme Court, defendant was convicted of two counts of criminal sale of a
 
 *260
 
 controlled substance in the second degree (Penal Law § 220.41 [1]) and two counts of criminal sale of a controlled substance in the third degree (Penal Law §220.39 [1]). The Appellate Division affirmed. That Court rejected defendant’s claim that the evidence was insufficient to support his conviction because the People failed to prove, beyond a reasonable doubt, that defendant sold at least one-half ounce of contraband, in accordance with the requirements of Penal Law § 220.41 (1). The Court also rejected defendant’s challenge to the qualifications of the People’s witness to act as an expert because the witness admitted his lack of expertise in statistics.
 

 One Justice dissented, agreeing with defendant that the employment of the statistical sampling method by the People’s witness to estimate the weight of the contraband failed to meet the People’s burden of proving defendant’s culpability for the charged crime beyond a reasonable doubt. Additionally, the dissent concurred with defendant’s characterization of his lack of involvement with the sale on September 26,1988 which resulted in the fifth count of the indictment. The dissenting Justice granted defendant leave to appeal to this Court.
 

 Only the convictions for criminal sale of a controlled substance in the second degree are before us on this appeal. Defendant contends that his convictions for these crimes were obtained in violation of due process because the evidence failed to establish the weight of the contraband and failed to establish that he knew or had reason to know the contraband weighed at least one-half ounce. In addition, he argues that the trial court erred by refusing to instruct the jurors that the People were required to prove his knowledge of the weight of the contraband. Defendant argues that the People did not measure the contents of each of the glossine envelopes and, thus, could not accurately determine whether defendant possessed the amount sufficient to render him culpable under the statute.
 

 The People counter that the proof was legally sufficient to support defendant’s second degree sale convictions. They assert that the weight of the contraband was accurately established by the use of the statistical sampling method. Although the People concede that the trial court’s jury charge was incorrect, they claim that reversal is not required because defendant’s trial was conducted prior to this Court’s decision in
 
 People v Ryan.
 
 In addition, the People argue that
 
 Ryan
 
 was
 
 *261
 
 a new rule, and a retroactive ruling will have a detrimental impact upon the administration of justice because of the past reliance on the application of the knowledge requirement to possession but not weight.
 

 Initially, we note that the issue was fully preserved for our review by defendant’s dismissal motion, asserting that the People failed to establish both the weight of the drugs and defendant’s knowledge that the drugs weighed more than one-half ounce
 
 (see, People v Bynum,
 
 70 NY2d 858).
 

 We conclude that, as to weight, the evidence here was sufficient to sustain defendant’s conviction. First, notwithstanding defendant’s contention, the expert’s evidence here was admissible. We have consistently held that " '[ejxpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror’ ”
 
 (People v Taylor,
 
 75 NY2d 277, 288, quoting
 
 De Long v County of Erie,
 
 60 NY2d 296, 307;
 
 People v Keindl,
 
 68 NY2d 410, 422). Moreover, "[a]s a general rule the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court”
 
 (De Long v County of Erie, supra,
 
 at 307).
 

 Second, regarding the sufficiency of the evidence itself, in
 
 People
 
 v
 
 Argro
 
 (37 NY2d 929, 930), we upheld a toxicologist’s procedure of selecting 10 envelopes at random from 10 batches of heroin to prove that the defendant possessed one eighth of an ounce or more of a substance containing heroin. Although we observed in
 
 Argro
 
 that the expert’s opinion was received without objection, we also noted that the expert’s procedure was made clear to the jury and that all of the actual envelopes were admitted into evidence and physically presented before the jury
 
 (id.).
 
 We stated, "Under these circumstances we believe that it was for the jury to decide whether the expert had adequately analyzed and weighed the contents and whether his opinion was entitled to be credited”
 
 (id.; see also, People v Rodriguez,
 
 190 AD2d 527,
 
 lv denied
 
 81 NY2d 1019;
 
 People v Nelson,
 
 190 AD2d 823,
 
 lv denied
 
 81 NY2d 974). Similarly, here, the jury was entitled to conclude that the statistical testimony of the witness was sufficient evidence of the weight of the controlled substance.
 

 As to knowledge, the People concede that the trial court’s charge was incorrect but argue that it comported with the law at the time and that
 
 Ryan
 
 is not retroactive. Defendant argues that since the
 
 Ryan
 
 decision construed the words of a
 
 *262
 
 statute for the first time, no new rule was established; that there is a strong presumption in favor of the application of legal principles to all cases pending on direct appeal; and that the Court’s ruling was clearly foreshadowed by other rulings.
 

 Penal Law § 220.41 (1) states, "A person is guilty of criminal sale of a controlled substance in the second degree when he knowingly and unlawfully sells * * * one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic drug.” In
 
 People v Ryan
 
 this Court held that the term "knowingly” in Penal Law § 220.18 applies not only to the possession of the illicit substance itself, but also to the weight of the substance
 
 (see also, People v Scarborough,
 
 49 NY2d 364, 374). Concluding that a
 
 "mens rea
 
 ” element is associated with the weight of the drug, this Court noted that absent such requirement, the crime would in essence be one of strict liability
 
 (People v Ryan,
 
 82 NY2d, at 502-504,
 
 supra).
 

 The
 
 judgment in this case was rendered on May 23, 1990, well before our decision in
 
 People v Ryan.
 
 The Appellate Division rendered its decision on December 16, 1993, the same day on which this Court decided
 
 Ryan.
 
 We hold that, where the issue has been properly preserved,
 
 Ryan
 
 is retroactive to cases pending on direct appeal at the time of the decision on December 16,1993.
 

 Since
 
 Ryan
 
 construed the words of a statute, it established no new legal principle. "A judicial decision construing the words of a statute * * * does not constitute the creation of a new legal principle”
 
 (Gurnee v Aetna Life & Cas. Co.,
 
 55 NY2d 184, 192;
 
 see also, People v Favor,
 
 82 NY2d 254, 261). The construction of a statute is, rather, the exercise of determining the intent of the Legislature when the act was passed. The
 
 Ryan
 
 case sought to find the intent of the Legislature and to apply it to the facts there.
 

 Additionally, a finding of guilt of violating a statute even though one of the elements of the crime had not been established in the circumstances would have rendered the proceeding fundamentally unfair and a violation of due process.
 

 In New York, even when a new legal principle is established, whether it is to be held retroactive depends, generally, upon three factors — the purpose of the new rule, the reliance on the old rule, and the effect of the new rule on the administration of justice
 
 (People v Pepper, 53
 
 NY2d 213, 220;
 
 see also, People v Favor,
 
 82 NY2d 254, 260-262,
 
 supra; People v Mitchell,
 
 80 NY2d 519, 527-529).
 

 
 *263
 
 Application of the
 
 Pepper
 
 factors would support a retroactive application, of
 
 Ryan.
 
 In
 
 Ryan,
 
 this Court followed the dictates of the Legislature that those who illegally possess larger amounts of controlled substances should receive more severe punishment given the threat to society such conduct presents (82 NY2d 497, 505,
 
 supra).
 
 Thus, the individual must be aware of the level of possession to justify the corresponding level of punishment. The rule expressed in
 
 Ryan
 
 fulfills that Legislative directive. Moreover, a conclusion that the
 
 Ryan
 
 case is not retroactive would result in a person’s guilt even though one of the elements of the crime had not been established.
 

 In
 
 People v Pepper
 
 (53 NY2d, at 220,
 
 supra),
 
 we stated, "In this formulation [the three-part test], the extent of the reliance and the nature of the burden on the administration of justice are of substantial significance only when the answer to the retroactivity question is not to be found in the purpose of the new rule itself’. The knowledge of the weight requirement is determinative of whether a particular accused has actually committed the crime charged.
 

 An issue remains as to whether a new trial should be held, or the indictment dismissed. As noted in
 
 Ryan,
 
 the requisite knowledge of the weight of a substance frequently may be deduced from the negotiations during a narcotics transaction, including discussions about price. In addition, we observed that when a defendant is charged under an "aggregate weight” statute, "knowledge of the weight may be inferred from defendant’s handling of the material, because the weight of the entire mixture, including cutting agents, is counted”
 
 (People v Ryan,
 
 82 NY2d, at 505,
 
 supra).
 

 The evidence established that defendant, on three separate occasions, sold hundreds of glossines, each time involving more than the statutory threshold. The price for each sale ranged from $4,600 to $4,700. During one transaction — involving 500 glossine envelopes — defendant complained that the price was so low it would cut him out of the deal. The price was then raised, and as defendant looked on, 500 envelopes were handed to the undercover. During the next transaction, defendant himself carried 500 glossine envelopes from one car to another and handed the merchandise to the undercover officer. During the last transaction, defendant accepted the buy money from the undercover officer and counted it before turning it over to his superior in the drug ring.
 

 
 *264
 
 From such proof the jury might have inferred that defendant knew, in each instance, that he was participating in the sale of at least one-half ounce of a substance containing heroin.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, defendant’s conviction of two counts of criminal sale of a controlled substance in the second degree vacated and a new trial ordered as to those counts.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order, insofar as appealed from, reversed, etc.