■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS WRIGHT, Appellant. [626 NYS2d 340] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the second and third degrees (Penal Law § 220.18 [1]; § 220.16 [1]). The argument that the evidence of defendant's knowledge of the weight of the controlled substance is insufficient is without merit, as is the People's contention that the issue is unpreserved *(see,* CPL 470.15 [4] [b]; *People v Lawrence,* 204 AD2d 969, 970, *lv granted* 84 NY2d 937). Because defendant was convicted under an aggregate weight statute, his knowledge of the weight of the substance "may be inferred from [his] handling of the material" *(People v Ryan,* 82 NY2d 497, 505; *see, People v Hill,* 85 NY2d 256; *People v*

*Porter,* 207 AD2d 993, *lv denied* 84 NY2d 1037), as well as from the presence of drug paraphernalia and other evidence that he was dealing in drugs *(see, People v Hill, supra; People v Graham,* 209 AD2d 822; *People v Goss,* 204 AD2d 984, *lv denied* 84 NY2d 826; *People v Okehoffurum,* 201 AD2d 508, *lv denied* 83 NY2d 970).* In this case there was evidence of defendant's drug dealing activity; defendant had the key to the apartment, where 2.73 ounces of cocaine were found on a plate on a coffee table, a large amount of cash was found in a travel bag on the table near the cocaine, and numerous small Ziploc baggies were found resembling the baggie containing cocaine that defendant was earlier seen selling. That evidence permitted the jury to infer that defendant knowingly possessed the cocaine and was aware of its weight.

Defendant's contention that the chemist's testimony did not adequately establish the weight of the cocaine is without merit. " '[I]t was for the jury to decide whether the expert had adequately analyzed and weighed the contents and whether his opinion was entitled to be credited' " *(People v Hill, supra,* quoting *People v Argro,* 37 NY2d 929, 930).

The further contention of defendant that Supreme Court erred in failing to instruct the jury that the People were required to establish his knowledge of the weight of the controlled substance is not preserved for review *(see,* CPL 470.05 [2] [a]; *People v Furtick,* 213 AD2d 1012; *People v Napoli,* 212 AD2d 1022), and we decline to reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We conclude that defendant's sentence is not unduly harsh or severe and that defendant's remaining contentions are without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.