■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO LOPEZ, Appellant. [628 NYS2d 647] —Order, Supreme Court, Bronx County (Vincent Quattrochi, J.), entered February 23, 1994, which denied defendant's motion pursuant to CPL 440.20 (1) to set aside his sentence as a second felony offender, unanimously affirmed.

Convicted of criminal sale of a controlled substance in the fifth degree upon his plea of guilty, defendant was sentenced to a term of 2 to 4 years as a second felony offender based upon a prior Delaware conviction by way of plea for "trafficking" in 5 or more but less than 50 grams of cocaine (16 Del Code § 4753A [a] [2] [a]). Defendant acknowledges that the Delaware conviction would be the equivalent of at least two New York felonies, criminal possession of a controlled substance in the fifth and fourth degrees (Penal Law § 220.06 [5]; § 220.09 [1]), were it not for the requirement of the New York statutes, lacking in the Delaware statute, that the defendant have knowledge of the weight of the substance possessed (*People v Ryan*, 82 NY2d 497). This, defendant argues, is an element of the two New York crimes not present in the Delaware crime, and that the closest New York analog to the Delaware crime, i.e., New York crime that does not have as an element the defendant's knowledge of the weight of the substance possessed, is criminal possession of a controlled substance in the seventh degree, a misdemeanor (Penal Law § 220.03). We disagree; the Delaware statute, like the two New York felony analogs acknowledged by defendant, requires that the possession be "knowing". *People v Ryan* (*supra*) did not add an element to the New York statute, but merely interpreted it to mean that there had to be proof of defendant's knowledge of the weight of the substance as well as its nature (*see, People v Hill*, 85 NY2d 256, 262). In effect, defendant would have the New York court examine how the Delaware court interprets its law to ascertain whether the degree of proof necessary to sustain a conviction thereunder is the same as it is in New York. This we will not do. Our examination should be limited to a comparison of the words of the respective statutes (*cf., People v Muniz*, 74 NY2d 464, 467-468). Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.