■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JOHNSON, Appellant. [654 NYS2d 514] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), based upon the seizure of cocaine from his person during the execution of a search warrant at an apartment at 150 University Avenue in Syracuse.

Defendant contends that his conviction is against the weight of the evidence and is not supported by sufficient evidence because the People failed to prove his knowledge of the weight of the cocaine. We disagree. Because defendant was convicted under an aggregate weight statute, his knowledge of the weight of the drug may be inferred from the presence of a large quantity of drugs and drug paraphernalia and other evidence that he was dealing in drugs (*see, People v Sanchez*, 86 NY2d

27, 32-34; *People v Ryan*, 82 NY2d 497, 505; *People v Wright*, 214 AD2d 989, 989-990, *lv denied* 86 NY2d 785; *People v Graham*, 209 AD2d 822, 823, *lv denied* 84 NY2d 1011).

Evidence of the drug trafficking activities of defendant included his clothes and other personal belongings in a bedroom at the University Avenue apartment; his presence in the apartment when the search warrant was executed; cocaine found on his person that was separately packaged in "eight-ball" packages; the large quantity of cocaine and drug paraphernalia found in the apartment; and the testimony of a prosecution witness that defendant had recently gone to New York City to purchase cocaine. Therefore, the jury could properly infer that defendant was aware of the weight of the cocaine he possessed.

There is no merit to the contention of defendant that the search warrant application was defective because it failed to establish the reliability of the confidential informant. The confidential informant's reliability was established by the police investigator's affidavit in support of the application, averring that the confidential informant had previously provided reliable information and had twice made controlled purchases of narcotics for the police at the University Avenue apartment (*see, People v Elwell*, 50 NY2d 231, 237; *People v Stephens*, 209 AD2d 999, *lv denied* 84 NY2d 1039). The record does not support the contention of defendant that the police investigator made misleading statements in that affidavit.

Defendant has failed to preserve for our review his contention that the court erred in determining, after a *Darden* hearing (*see, People v Darden*, 34 NY2d 177, *rearg denied* 34 NY2d 995), that the People had established that threats were made against the confidential informant and that the confidential informant was legitimately unavailable due to fear that caused the informant to leave the area (*see*, CPL 470.05 [2]). Were we to exercise our power to address that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]), we would conclude that it lacks merit (*see, People v Carpenito*, 80 NY2d 65).

Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.