(September 18, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. HAMEL, Appellant. [662 NYS2d 154] —Mikoll, J. Appeal, by permission, from an order of the County Court of

Albany County (Turner, Jr., J.), entered July 26, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the third degree, without a hearing.

On October 18, 1982, defendant sold what was alleged to be four grams of psilocybin mushrooms, packaged in four separate baggies, to an undercover police officer at a price of $7 per gram. This substance was later analyzed and found to contain 32.24 milligrams of psilocybin, a hallucinogen. Defendant was subsequently indicted and convicted after a jury trial of criminal sale of a controlled substance in the third degree and, as the result of a separate incident, he was also convicted of criminal sale of marihuana in the third degree. This conviction was affirmed on appeal in 1986 (116 AD2d 1044, *lv denied* 67 NY2d 943).

On December 16, 1993, the Court of Appeals decided *People v Ryan* (82 NY2d 497)* and held that under Penal Law § 220.18 (5), which made it a felony to "knowingly and unlawfully possess[ ]" 625 milligrams of "a hallucinogen", the People were required to prove not only that a defendant had knowledge of possession but that he or she also had knowledge of the weight of the controlled substance. Defendant, who had been convicted of "knowingly and unlawfully sell[ing]" 25 milligrams or more of "a hallucinogen" (Penal Law § 220.39 [5]), moved pursuant to CPL 440.10 (1) (h) to vacate the judgment on the ground, *inter alia*, that the People had failed to prove at trial that he had knowledge of the weight of the psilocybin. County Court denied the motion without a hearing, prompting this appeal.

We affirm. Initially, we reject defendant's claim that the holding in *People v Ryan* (*supra*) should be given retroactive application to his case. *Ryan* has been held to be retroactive only to those cases pending on direct appeal at the time this decision was rendered (*see, People v Hill*, 85 NY2d 256, 262). Here, defendant's direct appeal was concluded several years prior to the date *People v Ryan* (*supra*) was decided. Nevertheless, even if the retroactive application of *Ryan* was not a bar, defendant's motion was still properly denied because he failed to preserve by proper objection or motion in the trial court the issue of whether the People had failed to prove his knowledge of the weight of the psilocybin (*see, People v Gray*, 86 NY2d 10, 18-19; *People v Hill, supra*, at 262). Defendant's general motion to dismiss was insufficient to satisfy this requirement (*see, People v Gray, supra*, at 19-21).

---

* *People v Ryan* (82 NY2d 497, *supra*) was subsequently legislatively annulled (*see*, L 1995, ch 75, eff June 10, 1995).

Were we to reach the merits, however, we would find that, contrary to defendant's claim, the record contains expert proof that the substance sold to the officer by defendant contained 32.24 milligrams of psilocybin, which was more than the 25 milligrams of a hallucinogen required under the statute (*see,* Penal Law § 220.39 [5]). Moreover, we find that the testimony of the officer and the confidential informant who had accompanied the officer to defendant's home, each of whom detailed the discussions leading up to and finalizing the sale of the psilocybin, including the negotiations over the sale price, provides sufficient evidence from which defendant's knowledge of the weight of the hallucinogen could be inferred (*see, People v Hill, supra,* at 263; *see also, People v Sanchez,* 86 NY2d 27, 34). Defendant's remaining contentions have been examined and are without merit.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed.