Leon STANLEY, Petitioner,

v.

Robert H. KUHLMAN, Superintendent
Sullivan Correctional Facility,
Respondent.

No. 97 CV 889.

United States District Court,
E.D. New York.

July 1, 1998.

Leon Stanley, pro se.

Charles Hynes, District Attorney, Kings County, Thomas M. Ross, Assistant District Attorney, Kings County District Attorney's Office, Brooklyn, NY, for Respondent.

## MEMORANDUM & ORDER

GERSHON, District Judge.

Petitioner challenges his March 7, 1989 conviction after a jury trial in New York State Supreme Court, Kings County (Rienzi, J.). Petitioner was convicted of Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21[1]) and was sentenced to a prison term of fifteen years to life. The Appellate Division affirmed the conviction on March 29, 1993. *People v. Stanley*, 191 A.D.2d 732, 595 N.Y.S.2d 788 (2d Dep't), *leave to appeal denied*, 81 N.Y.2d 1081, 601 N.Y.S.2d 601, 619 N.E.2d 679 (1993).

Petitioner's motion to vacate the judgment was denied on August 14, 1995, and petitioner's application to the Appellate Division for leave to appeal was denied on October 30, 1995. *People v. Stanley*, No. 95–08805 (2d Dep't 1995). The Appellate Division denied petitioner's first petition for a writ of error *coram nobis* on May 28, 1996, *People v. Stanley*, 227 A.D.2d 652, 643 N.Y.S.2d 406 (2d Dep't 1996), and his second on January 16, 1997, *People v. Stanley*, No. 92–03452 (2d Dep't 1997).

Petitioner filed a petition for a writ of habeas corpus in this court on February 7, 1997, alleging that: (1) his motion to suppress physical evidence should have been granted because the police searched him without probable cause; (2) the evidence against him was legally insufficient to support a conviction because the State's principal witness perjured himself; (3) the prosecutor engaged in misconduct by denigrating the defense strategy and misleading the jury during his summation; and (4) defense counsel was ineffective because he introduced into evidence an assistant district attorney's report and agreed to a stipulation as to the testimony of a paralegal without calling either witness to testify at trial, and because he neglected to argue that the evidence was insufficient to prove petitioner's knowledge of the weight of the cocaine.

## DISCUSSION

### Facts

The prosecution presented evidence at trial that on June 5, 1987, petitioner was found in possession of four and three-eighths ounces of cocaine and ten and three-tenths grains of marijuana. Two witnesses testified at the trial: (1) Police Officer Kevin Swenson, who stopped the car in which petitioner was a passenger and spotted the cocaine, and (2) Police Officer Timothy O'Brien, Swenson's partner. The jury also heard the stipulated testimony of a chemist and a narcotics expert and a stipulation as to the testimony of Frank Ovejero, a paralegal in the district attorney's office. This stipulation was based upon the testimony Ovejero had given at a hearing on the motion to suppress physical evidence.

Swenson testified that, on the night of June 5, 1987, he and O'Brien were on patrol in Brooklyn in an unmarked police car. At approximately 2 a.m., they stopped a livery cab on Lefferts Avenue because it had a broken headlight. Upon exiting their car, Swenson approached the passenger side of the cab and O'Brien approached the driver's side. Petitioner was seated on the passenger side in the back seat, and Swenson noticed that petitioner's right hand was cupped over his lap. Afraid that petitioner might have a weapon, Swenson ordered petitioner to move his hand. As petitioner lifted his hand, Swenson noticed that petitioner was holding a clear, plastic bag containing white powder, which Swenson believed to be cocaine. Swenson seized the bag and arrested petitioner. At the station, Swenson searched petitioner and found marijuana in his jacket pocket. Afterward, Swenson made entries in his memo book describing the circumstances surrounding petitioner's arrest. At least one entry was made with a pen different from the others. In that entry, Swenson wrote that when he observed petitioner, he noticed that petitioner's right hand was covering a large bulge on his lap.

An Early Case Assessment Bureau ("ECAB") sheet prepared by Assistant District Attorney Laura Barbieri, the first person to interview Swenson, was admitted into evidence at the request of defense counsel as a prior inconsistent statement of Swenson's. The ECAB sheet stated that Swenson had noticed a bulge in petitioner's pocket, not on his lap.

The stipulation as to Ovejero was that, if he were called as a defense witness, he would have testified as follows: Prior to preparing the complaint against petitioner, he reviewed the ECAB sheet and interviewed Swenson. He could not recall whether he also read Swenson's memo book entries. He acknowledged that, like the ECAB sheet, his own report indicated that Swenson had noticed a bulge in petitioner's pocket, not on his lap. He could not recall where Swenson said he had spotted the bulge during the interview.

The parties stipulated that, if called, the chemist would have testified that the white substance found on petitioner was cocaine, and the narcotics expert would have testified that the street value of the cocaine was $3,500.

### Illegal Search and Seizure

■ Petitioner claims that his motion to suppress the cocaine should have been granted because the police searched him without probable cause in violation of the Fourth Amendment to the United States Constitution. A Fourth Amendment claim arising from a state criminal conviction is barred from federal habeas corpus review unless the state denied the petitioner a full and fair opportunity to litigate the claim. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). A federal court is not permitted to judge the merits of a state court decision. *See Capellan v. Riley,* 975 F.2d 67, 71 (2d Cir.1992). The court need only find that the state's procedure for resolving Fourth Amendment claims is "facially adequate" and that no "unconscionable breakdown" of the process occurred in the petitioner's case. *See id.* (citation omitted). An unconscionable breakdown occurs when the state court fails to conduct a reasoned inquiry into the petitioner's claim. *See Papile v.*

*Hernandez,* 697 F.Supp. 626, 633 (E.D.N.Y. 1988).

■ Federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y.Crim. Proc.Law § 710.10 et seq. (McKinney 1995), as being facially adequate. *See Capellan,* 975 F.2d at 70, n. 1. Therefore, "federal scrutiny of [Stanley's] Fourth Amendment claim[ ] is not warranted unless he demonstrates that he was in fact precluded from utilizing [that procedure] by an unconscionable breakdown in the review process." *Shaw v. Scully,* 654 F.Supp. 859, 863–64 (S.D.N.Y. 1987).

■ Petitioner, however, does not argue that he was precluded from litigating his Fourth Amendment claim. Rather, petitioner contends that the trial court made an incorrect factual determination as to the credibility of Officer Swenson. Such a claim is insufficient to warrant review. Petitioner availed himself of the procedures set forth at § 710.10 et seq., and the state courts conducted a reasoned inquiry into the relevant questions of fact and law. A *Mapp–Dunaway* hearing was held on January 25, and 30, 1989. In a written opinion dated March 6, 1989, setting forth the court's findings of fact and conclusion of law, the state court found that Swenson had observed the cocaine in plain view while lawfully performing his duties. The Appellate Division subsequently affirmed the trial court's ruling on the merits. *People v. Stanley,* 191 A.D.2d 732, 595 N.Y.S.2d 788 (2d Dep't 1993). In sum, Stanley was not victim to an unconscionable breakdown in state procedure, and petitioner's Fourth Amendment claim is unreviewable by this court.

### Prosecutorial Misconduct

Petitioner claims that the prosecutor improperly denigrated defense counsel's strategy and misled the jury during his summation. Specifically, petitioner contends that it was improper for the prosecutor to argue during his summation that it was immaterial whether the cocaine was found in petitioner's pocket or on his lap.

Federal habeas review of a state conviction is prohibited if a state court judgment is based on an "adequate and independent state ground", *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), such as a state procedural bar rule. In this case, the Appellate Division held that petitioner's claim of prosecutorial misconduct was not preserved for appellate review because defense counsel did not object at the time the prosecutor made the allegedly improper comments. *See People v. Stanley,* 191 A.D.2d 732, 733, 595 N.Y.S.2d 788 (2d Dep't 1993).[1] In New York, an objection must be made at the time of the impropriety, and a belated motion which does not allow the judge to remedy the alleged error does not preserve the issue for appeal. *People v. Morris,* 148 A.D.2d 552, 540 N.Y.S.2d 186 (2d Dep't 1989). In an alternative holding, the Appellate Division found that the prosecutor's remarks constituted a fair response to defense counsel's summation. *See Stanley,* 191 A.D.2d at 733, 595 N.Y.S.2d 788. However, "a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris,* 489 U.S. at 264, n. 10, 109 S.Ct. 1038. *See also Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990).

A petitioner can overcome a procedural default by showing cause and prejudice for the default, *see Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), or by showing a "fundamental miscarriage of justice" by making a "colorable" claim of factual innocence. *McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Here, however, defendant has made no attempt to

demonstrate why defense counsel could not have objected to the summation comments that he now claims were erroneous, nor has he a made a showing of actual innocence. Petitioner's claim of prosecutorial misconduct is, therefore, procedurally barred from habeas corpus review.

### Ineffective Assistance of Counsel

Petitioner argues that defense counsel was ineffective because he neglected to call Ovejero and Barbieri to testify at trial and because he failed to argue that the evidence was insufficient to prove petitioner's knowledge of the weight of the cocaine. The State contends that these ineffective assistance of counsel claims are procedurally barred because petitioner did not fairly present the claims to the state courts and no further review is available in state court.[2] Although it is clear that petitioner did not present the claims to the state court, the question whether they are procedurally barred is not. Nonetheless, it is unnecessary to resolve the procedural bar issues because the claims are so clearly without merit.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance entails legal practice that falls "outside the wide range of professionally competent assistance." *Id.* at 669, 104 S.Ct. 2052. Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 668, 104 S.Ct. 2052.

---

1. The Appellate Division was the last court to issue a reasoned opinion on the issue of defendant's procedural default. The Court of Appeals denied leave to appeal without comment. *See People v. Stanley,* 81 N.Y.2d 1081, 601 N.Y.S.2d 601, 619 N.E.2d 679 (1993).

2. Petitioner did not raise an ineffective assistance of trial counsel claim on direct appeal. Although he raised an ineffectiveness claim in his motion

to vacate the judgment, the motion did not include the same allegations that petitioner now makes in his petition for a writ of habeas corpus, namely, that trial counsel was ineffective for introducing Barbieri's report, stipulating to the testimony of Ovejero, and failing to argue that petitioner's knowledge of the weight of the cocaine was unproven.

■■■■ In support of his claim that defense counsel erred in neglecting to argue that the evidence was insufficient to prove knowledge of weight, petitioner cites *People v. Ryan*, 82 N.Y.2d 497, 605 N.Y.S.2d 235, 626 N.E.2d 51 (1993), in which the New York Court of Appeals held that there is a *mens rea* requirement associated with establishing the weight of a controlled substance. *Id.* at 505, 605 N.Y.S.2d 235, 626 N.E.2d 51. Petitioner's reliance on *Ryan* is misplaced. An attorney's performance must be evaluated in light of the prevailing legal practice at the time, without the benefit of hindsight. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Prior to *Ryan*, the Court of Appeals had not directly addressed the relation between *mens rea* and the element of weight, and the *Ryan* holding surprised legislators and lawyers alike. *See* 61 Brook. L.Rev. 1011, 1012–3, 1037 (1995). Though the Court of Appeals said in *People v. Hill*, 85 N.Y.2d 256, 624 N.Y.S.2d 79, 648 N.E.2d 455 (1995), that *Ryan* did not establish "a new legal principle" because it was based on statutory interpretation, it is indisputable that the interpretation adopted by the Court of Appeals was not widely anticipated. Indeed, promptly after the *Ryan* decision, the legislature amended the law to state that knowledge of weight is not an element of any drug offense. N.Y. Penal Law § 15.20[4] (McKinney 1998). Accordingly, defense counsel was not ineffective for failing to foresee the *Ryan* holding. *Cf. Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir.1994) (lawyer's appellate strategy reasonable given precedent at the time of the appeal); *Scire v. United States*, 1997 WL 138991, *11 (E.D.N.Y.1997) (lawyer need not anticipate shifts in the law).

■■■■ Petitioner also contends that defense counsel was ineffective for neglecting to call Ovejero and Barbieri as witnesses at trial. He claims that, had these witnesses testified, they would have revealed "the volume of prior inconsistent statements made [by Officer Swenson] under oath at the Grand Jury, Pre-trial, and trial [sic]." Petitioner's Memorandum of Law at 28. A defense lawyer's tactical decisions are presumed to be " 'sound trial strategy' " unless a petitioner can prove otherwise. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (citation omitted). Here, peti-

tioner has failed to prove otherwise. Although neither Ovejero nor Barbieri testified at trial, Swenson's statements to these witnesses were disclosed to the jury through Ovejero's prior recorded testimony—during which Ovejero was cross-examined vigorously—and through the reports prepared by Ovejero and Barbieri following their conversations with Swenson. Even assuming defense counsel erred in failing to call Ovejero and Barbieri as witnesses, it cannot be said that the result of the proceeding would have differed had they testified. Using the prior recorded testimony and reports, defense counsel succeeded in establishing certain inconsistencies between Swenson's statements the day after petitioner's arrest and his trial testimony, and the members of the jury chose to believe Swenson nonetheless. There is no basis for finding that their assessment would have differed had those same inconsistencies been revealed through live rather than recorded testimony.

## Sufficiency of the Evidence

■■■■ Federal courts are not empowered to review the evidence presented to a jury *de novo*. Petitioner's claim that the evidence was insufficient to support a conviction depends on whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Id.* at 326, 99 S.Ct. 2781.

■■■■ Swenson testified that he spotted a white powdery substance in a plastic bag on petitioner's lap after he ordered petitioner to move his hand, and the parties stipulated that the substance found was cocaine. Petitioner, however, argues that Swenson's trial testimony contradicted his previous statements to the grand jury, Ovejero and Barbi-

**256**

eri. Petitioner contends that a conviction obtained through the knowing use of perjured testimony is fundamentally unfair, and deprives a defendant of due process if there is any reasonable likelihood that this false testimony could have affected the judgment of the jury. Swenson's testimony at trial was undoubtedly inconsistent with the reports prepared by Barbieri and Ovejero following their conversations with Swenson the day after petitioner's arrest. However, petitioner has not provided any evidence that the prosecution knowingly presented perjured testimony to the jury. Moreover, notwithstanding the discrepancies in Swenson's testimony, it is up to the jury to determine the credibility of a witness, and the court must defer to the jury's decision to believe a witness's testimony. *See Wright,* 505 U.S. at 296–97, 112 S.Ct. 2482; *United States v. Khan,* 53 F.3d 507, 514 (2d Cir.1995), *cert. denied,* 516 U.S. 1042, 116 S.Ct. 697, 133 L.Ed.2d 655 (1996) ("the credibility of witnesses is the province of the jury and we simply cannot replace the jury's credibility determinations with our own"). Trial counsel's cross examination of Swenson covers 54 pages of trial transcript. Trial counsel exposed the inconsistencies in Swenson's testimony, and the members of the jury chose to believe him nonetheless. Thus, when viewed in the light most favorable to the State, the evidence against petitioner was legally sufficient to prove his guilt beyond a reasonable doubt.

### CONCLUSION

The petition for a writ of habeas corpus is hereby denied.

**SO ORDERED.**