■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [682 NYS2d 7] —Judgment, Supreme Court, New York County (Harold Rothwax, J., on suppression motions; Paul Bookson, J., at jury trial), rendered November 3, 1994, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 10 years to life, unanimously reversed, on the law, the conviction vacated, and the matter remanded for a new trial.

Defendant was charged with criminal possession of a controlled substance in the second degree under Penal Law § 220.18 (1), which provides that a person is guilty of second-degree possession when he knowingly and unlawfully possesses two ounces or more of a narcotic drug. Trial testimony established the following. On the morning of December 16, 1993, an officer patrolling the interior of a building at West 175th Street in Manhattan observed defendant run down the stairs above him. When defendant noticed the uniformed policeman, he quickly adjusted a bulge in his waistband, then turned and ran back upstairs. Fearing that the bulge was a gun, the officer pursued. Upon reaching the landing between the fifth and sixth floors, defendant pulled a brown paper bag from his waistband and pushed it out the window. The package contained a white powder that was later identified as over $3^5/_8$ ounces of cocaine.

Prior to summations, defense counsel requested a jury charge stating that the prosecution must prove beyond a reasonable doubt defendant's knowledge that the drugs in his possession weighed over two ounces. Under the law existing at the time of defendant's alleged offense, such a charge was required (*People v Ryan*, 82 NY2d 497). The trial court, however, believed that a lesser standard of proof was required for this element, and charged the jury thus:

"The People are also required to establish by some credible evidence that the defendant knew that the weight of the cocaine in the paper bag allegedly possessed by him exceeded two ounces.

"The jury will note while all other elements which represent the People's burden of proof require proof beyond a reasonable doubt, the People's burden to prove the defendant's knowledge of the weight of the cocaine in this instant case is a lesser burden; that is, they have to put forward some credible evidence of it."

Defense counsel continued to except to this charge. The court subsequently realized that a corrective instruction was necessary. Though the jury had apparently already reached a verdict, the court refused to accept it, and gave the following instructions before sending the jurors back to deliberate:

"Members of the jury, before I accept your verdict, reading over my material, I wish to clarify one element of the charge.

"You recall that I charged you that the People are required to prove the guilt of the defendant beyond a reasonable doubt as to each of the elements of the crime.

"I also told you with respect to the weight, that it was a

lesser burden. Must have knowledge, but it wasn't at the same standard as all the other elements.

"I now charge you that the People carry the burden beyond a reasonable doubt as to each and every element including the weight and in that connection, of course, you may use the testimony for that purpose and so if you find beyond a reasonable doubt that on December 16, '93, in New York County, the defendant possessed in excess of two ounces of cocaine, then you must find him guilty of that crime, but I do want you to consider that element as well and convince yourselves beyond a reasonable doubt."

Defense counsel still excepted to this supplemental charge as confusing and incorrect. However, while the court was in the process of debating this point, the jury indicated that it had reached a verdict. The court accepted the verdict over counsel's continuing objections.

Defendant correctly contends on appeal that the trial court's erroneous jury charge on mental culpability improperly lessened the People's burden of proof regarding an element of the crime, and that the court's supplemental instruction did not adequately clarify the proper standard for the jury. As errors in a reasonable doubt charge are not subject to harmless error analysis (*Sullivan v Louisiana*, 508 US 275, 281), we reverse and remand for a new trial.

Penal Law § 220.18 (former [1]) provides that a person is guilty of second-degree criminal possession of a controlled substance "when he knowingly and unlawfully possesses * * * one or more preparations, compounds, mixtures or substances of an aggregate weight of two ounces or more containing a narcotic drug". At the time that the instant offense was committed, the issue of *mens rea* under this statute was controlled by *People v Ryan* (82 NY2d 497, 504-505, *supra*). In *Ryan*, the Court of Appeals held that the *mens rea* of "knowingly" applies equally to all of the elements of the defined offense. Thus, in statutes under Penal Law article 220 where the degree of punishment is enhanced based on the weight of the drugs possessed, the People must prove beyond a reasonable doubt not only that defendant actually possessed drugs of a certain weight, but that he *knew* he possessed no less than the amount specified by the statute. (The requirement of knowledge of weight has since been abrogated by Penal Law § 15.20 [4].)

The court's initial charge was clearly mistaken. Contrary to controlling precedent, it explicitly relieved the People of the need to prove defendant's knowledge of the weight of the drugs beyond a reasonable doubt (*People v Hill*, 85 NY2d 256, 260). Unless properly corrected, such an error mandates reversal.

Reversal is warranted here because the supplemental instructions failed to set forth the appropriate rule of law. These instructions were confusing and deficient in several ways. While the court repeated the improper rule it had previously set forth ("Must have knowledge, but it wasn't at the same standard as all the other elements"), the court never explicitly said that this description of the burden of proof was inaccurate (*see, People v Lourido*, 70 NY2d 428, 434-435 [finding reversible error where court, after providing wrong definition of element, subsequently provided right one but failed to tell jury "to disregard the earlier erroneous charge and to apply only the subsequent correct charge"]).

Instead, it launched into a supplemental charge ("I now charge you that the People carry the burden beyond a reasonable doubt as to each and every element including the weight") which did not address the crucial distinction. Because the court said "weight" rather than "knowledge of weight" here, and never stated that its original *mens rea* standard was wrong, the supplemental instructions did not sound like a contradiction of the initial charge, but merely a repetition and elaboration of the court's original statement that the *weight* (as distinct from defendant's *knowledge* of it) was an element requiring proof beyond a reasonable doubt.

The People unconvincingly argue on appeal that the court was legitimately using "weight" as shorthand for "knowledge of weight". Yet the whole reason for the supplemental charge was that the weight of the drugs and defendant's knowledge thereof are distinct elements, such that proof of the former does not suffice to prove the latter. Using one element as shorthand for the other would defeat the purpose of the instruction. Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.