People v Crovador (2018 NY Slip Op 07273)





People v Crovador


2018 NY Slip Op 07273


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7495 2518/12

[*1]The People of the State of New York, Respondent,
v
Jeffrey Crovador, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Clara H. Salzberg of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered May 14, 2014, convicting defendant, after a jury trial, of robbery in the third degree and petit larceny, and sentencing him to an aggregate term of 1 to 3 years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court should have permitted defendant to introduce expert testimony to the effect that witnesses are less likely to accurately identify persons of other racial groups than persons of their own race (see People v LeGrand, 8 NY3d 449, 452-454 [2007]). The case turned on the accuracy of the victim's cross-racial identification of defendant, and there was no corroborating evidence connecting defendant to the crime. Furthermore, the circumstances surrounding the identification did not render it so reliable as to justify precluding expert testimony. The expert testimony produced during the Frye hearing sufficiently established that the cross-race effect has been generally accepted in the relevant scientific community. The People do not dispute that this phenomenon applies to identifications of certain racial groups. Moreover it can be deduced from the expert testimony that the cross-race effect applies to all racial groups.
The court should also have granted defendant's explicit request for a jury instruction on cross-racial identification. Initially, we reject the People's argument that defendant failed to preserve this issue.
People v Boone (30 NY3d 521, 535-536 [2017]), which requires that a jury charge on the cross-race effect be given on request, should be applied retroactively to cases pending on direct appeal. Boone plainly announces a new rule, and that rule is plainly based on state rather than federal law. Accordingly, its application to cases pending on appeal is not automatic, but depends on a balancing of the three factors set forth in the Mitchell-Pepper test (People v Mitchell, 80 NY2d 519, 528 [1992]; People v Pepper, 53 NY2d 213, 220 [1981], cert denied 454 US 967 [1981]).
As to the first factor (the purpose of the rule), "standards that go to the heart of a reliable determination of guilt or innocence will be applied retroactively, but decisions which are only collateral to or relatively far removed from the fact-finding process at trial apply prospectively only" (People v Baret, 23 NY3d 777, 799-800 [2014] [internal quotation marks omitted]). Here, cross-racial identification instructions go to the fact-finding process, and are essential to a reliable determination of guilt or innocence (see People v Favor, 82 NY2d 254, 266 [1993]). Thus, the first factor favors retroactive application.
As to the second factor (extent of reliance on the old rule), the People cite a number of cases showing that courts have relied on the pre-Boone rule in declining to give a charge on cross-racial identification, in the exercise of discretion. This favors prospective application of the rule, but we do not find that it outweighs the other factors.
As to the third factor (effect on the administration of justice of retroactive application), retroactive application of Boone would not significantly affect the administration of justice. A [*2]limited number of cases turn on the accuracy of single-witness, cross-racial identifications, and the particular evidence could render a failure to give a cross-racial identification charge harmless. Moreover, the rule in Boone is expressly limited to cases where the charge has been requested (30 NY3d at 535-536), and the fact that Boone had not yet been decided at the time of a particular trial would not provide an exemption from the requirement of a timely request (see People v Reynolds, 25 NY2d 489, 495 [1969]; see also People v Hill, 85 NY2d 256, 262 [1995]). Thus, contrary to the People's contention, it is unlikely that retroactive application of Boone would result in wholesale reversals and burden trial courts with unnecessary retrials (see Favor, 82 NY2d at 266).
There is no basis for finding harmless error here, because the sole evidence connecting defendant to the crime is the victim's cross-racial identification.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK