People v Tilford (2021 NY Slip Op 50317(U))

[*1]

People v Tilford (Dolores)

2021 NY Slip Op 50317(U) [71 Misc 3d 131(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-998 W CR

The People of the State of New York,
Respondent,
against
Dolores A. Tilford, Appellant. 

Dolores A. Tilford, appellant pro se.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Briarcliff Manor, Westchester
County (Howard T. Code, J.), rendered April 17, 2019. The judgment convicted defendant, after
a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the Justice Court for a new trial.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180-a) for driving 78 miles per hour (mph) in a 55-mph zone. A nonjury trial was
held on April 17, 2019 during which the police officer who issued the ticket and defendant
testified. That same date, the court issued a written verdict of guilty and sentenced defendant to
pay a fine. Defendant filed an affidavit of errors (see CPL 460.10 [3] [a] - [c]).
In its return to defendant's affidavit of errors (see CPL 460.10 [3] [d]), the Justice
Court stated that "the People, through the testimony at trial, had proven their case by the required
preponderance of the evidence." This statement was plainly erroneous, as the People's burden of
proof in this criminal matter was the more stringent beyond a reasonable doubt standard (see e.g. People v Fallah-Braimah, 57
Misc 3d 144[A], 2017 NY Slip Op 51445[U], *2 [App Term, 2d Dept, 9th & 10th Jud
Dists 2017]; People v Schlessinger,
35 Misc 3d 150[A], 2012 NY Slip Op 51122[U], *1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2012]). As the court's application of a lesser burden of proof than required is "not
subject to harmless error analysis" (People v Garcia, 255 AD2d 266, 268 [1998]), we
reverse the judgment of conviction and remit the matter to the Justice Court for a new trial. In
view of the foregoing, we need not reach defendant's remaining contentions, and note that we do
not consider matters that are based on allegations and evidence which are dehors the record.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice
Court for a new trial.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021